The City of Crest Hill, a Municipal Corporation, Plaintiff-Appellant, v. Raynor Hills Water Company, an Illinois Corporation, Paramount Water Company, an Illinois Corporation, the City of Joliet, a Municipal Corporation, and Unknown Owners, Defendants-Appellees.

Gen. No. 65–9.

Third District.

December 22, 1965.

Cirricione & Penn, of Joliet (John F. Cirricione and William R. Penn, of counsel), for appellant.

Robson, Masters, Ryan & Belom, Ronald H. Gallowich, and Harry D. Leinenweber, all of Joliet (Frank H. Masters, Jr., of Joliet, and Sidney Z. Karasik, of Chicago, of counsel), for Raynor Hills Water Company and Paramount Water Company, appellees. Paul F. Brumund, Corporation Counsel, of Joliet, for City of Joliet, appellee.

ALLOY, P. J.

A complaint for declaratory judgment was filed by plaintiff, City of Crest Hill, a municipal corporation, praying for a finding that the title to public improvements, including sanitary sewer and water mains situated

in the public streets, alleys and public ways is vested in the plaintiff-municipality. In such complaint, plaintiff contends that the defendants, Raynor Hills Water Company, a corporation, and Paramount Water Company, as well as the City of Joliet, a municipal corporation, have no right, title or interest in said equipment or installations.

The evidence discloses that prior to the incorporation of plaintiff as a municipal corporation on January 22, 1960, there were a number of areas which were platted into subdivisions and which later came within the municipal limits of plaintiff municipal corporation. Subdividers had installed sewer and water mains in certain subdivisions, and the City of Joliet had installed sewer and water mains in certain other parts of the area.

On May 27, 1953, Raynor Hills Estates, Inc., a sub-divider, conveyed all its right, title and interest in the sewer and water mains to Raynor Hills Water Company, one of the defendants. Another subdivider likewise conveyed all water mains, sewer mains and appurtenances to Raynor Hills Water Company. Raynor Hills Water Company was incorporated prior thereto and is operating as a public utility under the supervision of the Illinois Commerce Commission. In 1957, Raynor Hills Water Company was authorized to conduct a sanitary sewer utility business in the area. In 1944, one subdivider had granted to a not-for-profit association the right to enter into the subdivision for the purpose of maintaining water mains and sewer mains. This nonprofit association thereafter conveyed whatever rights it had received under such arrangement to Paramount Water Company, which had been organized prior thereto and was operating as a public utility. The subdivisions involved were all platted prior to the incorporation of the plaintiff-municipality in 1960 and were located in unincorporated areas in Will County. The City of Crest Hill has never serviced,

maintained or made any repairs to the sewer and water mains involved.

The subdivision plats had been made and recorded by the proprietors a few years prior to the incorporation of the plaintiff-municipality. It is asserted by plaintiff that the dedication for public purposes constituted statutory dedications rather than common-law dedications, and, being statutory dedications, vested legal title to the grounds set apart for public purposes in the municipality. At the time of dedication it is apparent that the title to the streets, alleys and public ways remained in abeyance and only became vested in plaintiff after its organization.

Plaintiff, however, contends that because it acquired legal title to the land in which the streets and alleys were constructed, it also acquired title to the sewer and water mains and other equipment used in such systems operated by the various defendants. It is contended by plaintiff that, in determining whether or not the sewer and water mains and equipment are personal property or part of the realty, the court should look to the physical situation of annexation to the realty and the application and use of the part of the realty to which it is attached as well as the intention of the party making the improvements. The issue essentially is whether or not the subdivider of the land dedicating the streets and alleys who thereafter installed the water system under such streets and public ways surrenders its rights to the pipes, mains, conduits and other items of property in the water system by reason of such dedication. The question basically before us is whether the municipality, by virtue of its organization in 1960, not only acquired legal title to the streets and alleys, but also legal title to the sewer and water equipment and installations.

In Smith v. Chicago, 107 Ill App 270, the court specifically determined that water pipes, mains and sewers are

277

personalty and not part of the realty in which they are installed. In that case, the owners of the tract of land had subdivided it and had constructed a private system of water works through the streets. After annexation of the subdivision to a city, the city took over exclusive control of the water system and connected it to its own water works system. The court held that the city had no right to convert the system to its use since the water works system was held as personalty and was not dedicated as a system to the public. The court specifically held (at page 278) that there can be no question that if the city owned the water system of the plaintiffs, it would own it as personalty. The Supreme Court affirmed the conclusion of the Appellate Court in the case just cited in Chicago v. Smith, 204 Ill 356, 68 NE 395. In Shelbyville Water Co. v. People ex rel. Craddick, 140 Ill 545, 30 NE 678, the Illinois Supreme Court likewise concluded that pipes, mains and hydrants of a water company were personal property and did not become part of the realty, and were taxable as personalty. Dedication of land for a street has been held in other jurisdictions not to be a dedication of a sewer or water pipes therein (11 McQuillin Mun Corp § 33.70, at p 766; Guilford-Chester Water Co. v. Town of Guilford, 107 Conn 519, 141 A 880, 883; Shaw v. Welch, 136 Kan 736, 18 P2d 182, 190).

The record in the cause before us shows that pipes and mains of the water company were in fact assessed as personal property, and there is no specific evidence of any intention on part of the subdividers to convey the installations to the municipality or public authority or to divest themselves of the personal property in the streets. A significant indication of the intention of the subdividers is illustrated by the granting and recording of the easement to Raynor Hills Water Company, prior to acceptance of the dedication by the City of Crest Hill.

This was obviously a binding reservation of rights. No intention to the contrary was manifested in any dedication under consideration and none could be presumed from the record in this cause.

The trial court concluded that to award the title to the property involved to the plaintiff-municipality on the precedent of the case of Smith v. Chicago, 107 Ill App 270, at p 280, would be contrary to the Constitutional provision that private property shall not be taken or damaged for public use without just compensation. We must agree that legal title to the pipes, mains and other equipment which were installed by the subdividers in the streets and alleys now within the corporate limits of the plaintiff-municipality was vested in the respective subdividers who installed them and is now vested in their successors to whom conveyance of such installations has been made.

We must, therefore, conclude that the order of the Circuit Court of Will County finding that the title to the sewer and water mains and related installations is not in the plaintiff but in the defendants was proper and should be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.